

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2024

**BY ECF**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:     <u>United States</u> v. <u>Nikhil Gupta</u>, S1 23 Cr. 289 (VM)

Dear Judge Marrero:

      The Government respectfully submits this letter in opposition to defendant Nikhil Gupta's motion to compel discovery during the pendency of his extradition proceedings in the Czech Republic. ("Mot.," Dkt. 11). Consistent with Federal Rule of Criminal Procedure 16.1, the Government is prepared to produce discovery promptly upon the defendant's appearance in this District and arraignment on this case. Before then, however, the defendant is not entitled to discovery, and he identifies no good reason for the Court to order it.

**I.**     **Background**

      On or about June 13, 2023, a grand jury in this District returned Indictment 23 Cr. 289 (the "Indictment"), charging the defendant with conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958, and substantive murder-for-hire, in violation of 18 U.S.C. §§ 1958 and 2. (Dkt. 3). On or about November 28, 2023, the grand jury returned the 15-page Superseding Indictment S1 23 Cr. 289 (the "Superseding Indictment") (Dkt. 9), which contains the same charges but adds additional factual details concerning the murder-for-hire plot and the defendant's actions in furtherance of that plot. As described in the Superseding Indictment, the defendant attempted to assassinate a political activist in New York City by contracting a hitman, who was in fact a U.S. law enforcement undercover officer (the "UC"). (Superseding Indictment ¶¶ 1, 4). To facilitate the murder, the defendant arranged for an associate to make an initial $15,000 payment in cash to the UC in Manhattan, New York. (Superseding Indictment ¶ 4). Over the course of several weeks, the defendant regularly discussed the plot with the UC and with a U.S. law enforcement confidential source, whom the defendant believed to be a criminal associate, including on video calls in which the defendant personally appeared. (Superseding Indictment ¶¶ 12, 20, 24).

      On or about June 30, 2023, at the request of the United States, the defendant was arrested in the Czech Republic on the charges in the Indictment. The Government thereafter requested the defendant's extradition from the Czech Republic to the United States. The defendant is

represented in the Czech extradition proceedings, which are ongoing, by counsel in the Czech Republic.

On two occasions while in Czech custody, the defendant met with U.S. law enforcement personnel. First, immediately after his arrest in the Czech Republic on or about June 30, 2023, the defendant was advised by U.S. law enforcement agents of his rights to silence and to counsel, waived those rights verbally, and spoke with U.S. law enforcement agents. Second, on or about October 5, 2023, the defendant and his attorney in the Czech Republic appeared for a potential interview with Czech and U.S. authorities, which was arranged in coordination with Czech authorities in accordance with Czech law. After being advised of his rights under Czech and U.S. law, the defendant declined to participate in the interview and the interview was terminated.

On or about November 30, 2023, counsel for the defendant entered a notice of appearance in the above-captioned case. (Dkt. 10).

**II.  Discussion**

The defendant now moves to compel discovery, arguing that he purportedly "is being subject to repeated interrogations by U.S. officials without the presence of the counsel representing him in his criminal case" and "[t]he defense counsel present in Prague has no evidence or other case materials, other than the bare indictment." (Mot. ¶ 8). Because the defendant is not entitled to Rule 16 discovery until he is arraigned in this District, and discovery in the above-captioned case in furtherance of his foreign extradition proceedings is neither authorized nor warranted, his motion to compel discovery should be denied.

Although "[t]here is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), Rule 16 requires the Government to provide certain discovery "[u]pon a defendant's request." Fed. R. Crim. P. 16(a)(1). To obtain this discovery, Rule 16.1 provides for a specific sequence of events. First, "[n]o later than 14 days after the arraignment, the attorney for the government and the defendant's attorney must confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16." Fed. R. Crim. P. 16.1(a). Second, "[a]fter the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial." Fed. R. Crim. P. 16.1(b). A defendant's right to Rule 16 discovery therefore is not triggered until he is arraigned, after which point a discovery conference must be timely held and enforcing orders may ensue.

Because the defendant has not yet been arraigned in this District — indeed, the proceedings for his extradition to the United States remain pending in the Czech Republic — he has no right to Rule 16 discovery at this time. The defendant does not suggest otherwise, arguing only that the Court has "discretion" to "entertain pretrial motions on behalf of out-of-country defendants when made by an attorney of record." (Mot. ¶ 7). But the cases he cites do not support his request for a pre-extradition, pre-arraignment order *to compel discovery*.

For example, in *United States v. Weinstein*, 511 F.2d 622, 627 (2d Cir. 1975), the Second Circuit reversed the district court's order to produce discovery to fugitive defendants because,

among other reasons, Rule 16 "authorizes discovery of documentary evidence only upon the defendant's motion" and no fugitive defendant in the case had authorized moving counsel to act as his counsel, much less to file a motion for discovery on any fugitive defendant's behalf. On remand, one of the fugitive defendants retained moving counsel, and successfully moved to dismiss the indictment on the ground that the fugitive defendant had been denied a speedy trial. *United States v. Salzmann*, 548 F.2d 395, 399 (2d Cir. 1976). The Second Circuit affirmed the dismissal of the indictment solely on the ground that the Government had failed to act with "due diligence under the speedy trial rules." *Id. Salzmann* and *Weinstein* thus stand for the proposition that a district court may entertain certain pretrial motions, such as a motion to dismiss, filed by an authorized attorney on behalf of a defendant who is not in U.S. custody. Neither *Salzmann* nor *Weinstein* stand for the proposition that a district court can or should order that Rule 16 discovery be produced to such a defendant.

Even if this Court had discretion to compel the production of discovery to a defendant who has not yet appeared in this District and has not been arraigned on the charges in the operative indictment, the defendant has identified no good reason for such an order here. *Cf. SEC v. Ahmed*, 72 F.4th 379, 394 n.5 (2d Cir. 2023) (affirming discovery limitations in civil case because affording the defendant "full access to discovery could further discourage his voluntary return to the United States and grant him an unfair advantage in those [parallel criminal] proceedings to the extent they are based on the same or related underlying conduct"). Contrary to the defendant's assertion, he has not been "subject to repeated interrogations by U.S. officials without the presence of the counsel representing him in his criminal case." (Mot. ¶ 8). In fact, he has met only twice with U.S. law enforcement authorities, the second time in the presence of counsel, and on both occasions, he was advised of his rights. In the first meeting, immediately after his arrest, the defendant waived his rights verbally and spoke with law enforcement agents. The second meeting occurred in the presence of his counsel in the Czech Republic, and when he declined to be interviewed, the meeting concluded. The defendant has cited no authority for the proposition that those interactions entitle him to pre-extradition, pre-arraignment discovery in this case.

Nor should the Court order discovery on the ground that the defendant's attorney in the Czech Republic purportedly "has no evidence or other case materials, other than the bare indictment." (Mot. ¶ 8). Czech extradition proceedings are governed by Czech law, and the defendant identifies no legal basis for this Court to compel discovery in this case, to a defendant who has neither appeared before the Court nor been arraigned, for the purpose of extradition proceedings in the Czech Republic. It is instructive that a defendant in U.S. extradition proceedings before a U.S. court would not be entitled to Rule 16 discovery, and thus, even if the defendant were a party in U.S. extradition proceedings, when his claim to U.S. discovery rules and judicial relief might arguably be strongest, he would not be entitled to the discovery he now seeks. *Melia v. United States*, 667 F.2d 300, 302 (2d Cir. 1981) ("An extradition hearing is not the occasion for an adjudication of guilt or innocence. . . . The Federal Rules of Criminal Procedure are expressly inapplicable to [U.S.] extradition proceedings."); Fed. R. Crim. P. 1(a)(5)(A) ("Proceedings not governed by these rules include . . . the extradition and rendition of a fugitive."); *see also Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984) (finding "no merit in appellants' contention that the extradition proceedings were defective in some manner because the district court did not grant appellants' motion for discovery of the tapes"). As the Second Circuit has said, "extradition proceedings are not to be converted into a dress rehearsal trial." *Jhirad v. Ferrandina*,

The Honorable Victor Marrero                                                                                                 Page 4
January 10, 2024

536 F.2d 478, 484 (2d Cir. 1976). Applying the same principles here, the Court should not permit the defendant to obtain Rule 16 discovery in this case for purposes of a foreign extradition proceeding.

### III.     Conclusion

The defendant has identified no legal entitlement or justification for discovery at this time. The Government stands ready to provide discovery to him, like any other criminal defendant, promptly upon his appearance and arraignment in this District. His motion to compel discovery should be denied.

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney

By: _____
                                      Alexander Li / Camille L. Fletcher /
                                            Ashley C. Nicolas
                                      Assistant United States Attorneys
                                      (212) 637-2265/-2383/-2467

cc:     Jeffrey Chabrowe, Esq. (*by ECF*)