### [DEFENDANT'S EMERGENCY MOTION TO DISMISS INDICTMENT, AND TO ORDER HIS IMMEDIATE RELEASE]

MAY 22, 2025

(By Email: Temporary_Pro_Se_Filing@nysd.uscourts.gov)
THE HONORABLE VICTOR MARRERO
SENIOR U.S. DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

Re: United States v. Nikhil Gupta, a/k/a "Nick," Docket No. S2 23 Cr. 289 (VM)

Dear Judge Marrero:

Defendant, hereby invoking his right to self-representation, pursuant to 28 U.S.C. 1654

and the Sixth Amendment of the United States Constitution, respectfully moves this Court for an

order (a) dismissing the indictment, pursuant to Rule 12(b)(3)(B)(iii) and (v) of the Federal Rules

of Criminal Procedure, and (b) ordering his immediate release on bail, pursuant to 18 U.S.C.

3614(c). For the reasons stated hereinafter, an order granting this motion should promptly issue

in the interest of justice, and to prevent a complete miscarriage of justice.


I.    BACKGROUND & RELEVANT FACTS.


On October 17, 2024, a grand jury sitting in the Southern District of New York returned a

Second Superseding Indictment intending to charge Defendant with Conspiracy to Commit

Murder-for-Hire (Count One), Murder-for-Hire (Count Two), and Conspiracy to Commit Money

Laundering (Count Three), in violation of 18 U.S.C. 1958 and 1956, respectively. More

specifically, Counts One and Two incorporate factual allegations set forth in Paragraphs 1 through 34 of the Indictment, and further alleges that Defendant "and others worked together to carry out a plot directed from India to hire hitmen to assassinate the Victim in the United States, used cellphones to communicate in furtherance of the scheme, and arranged for the delivery of a $15,000 advance cash payment for the murder in Manhattan, New York." Second Superseding Indictment at 15, Paras. 36 & 37. Neither count specifically, or implicitly, cites to a State of Federal law that would have been violated had the murder been carried out -- an essential element of the offense.

Since the neither the original nor superseding indictment contained the essential element, Defendant now seeks dismissal of the indictment, and his immediate release since his extradition from the Czech Republic was premised upon a defective indictment.

II.    ARGUMENTS & AUTHORITIES.

COUNTS ONE & TWO "LACK SPECIFICITY" AND "FAIL TO STATE AN OFFENSE" AND THEY MUST BE DISMISSED

A.    Legal Standard.

Inasmuch as "federal crimes are solely creatures of statute, a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute."

United States v. Aleynikov, 676 F.3d 71, 75-76 (2d Cir. 2012). Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides that claims that an indictment be dismissed for "lack of specificity" and "failure to state an offense," "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v). The law on determining the sufficiency of an indictment is well-settled. In accordance with the Federal Rules of Criminal Procedure, the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and must include "statutes, rules, regulations, or other provisions of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). There are also "two constitutional requirements for an indictment: 'first, [that it] contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and second, [that it] enable him to plead an acquittal or conviction in bar of future prosecution for the same offense.'" United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007)(quoting Hamling v. United States, 418 U.S. 87, 117 (1974)); see also United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008).

An indictment may be dismissed where it "fails to allege the essential facts constituting the offense charged." United States v. Pirro, 212 F.3d 86, 91 (2d Cir. 2000). Indeed, "an important corollary purpose" of the requirement that an indictment state the elements of an offense "is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Russell v. United States, 369 U.S. 749, 768 (1962) (citing United States v. Cruikshank, 92 U.S. 542, 558 (1875)). "Dismissal is required where the

conduct alleged in the indictment as a factual basis for the offense is not actually prohibited by the language of the statute." United States v. Aleynikov, 737 F. Supp.2d 173, 176 (S.D.N.Y. 2010)(citing Pirro, 212 F.3d 91, 93 (affirming dismissal of indictment where Government's proposed proof would not establish a crime within the terms of the statute); United States v. Pacione, 738 F.2d 567, 572 (2d Cir. 1984)(same).

B.    Discussion.

The issue present here is relatively straightforward and simple: Counts One and Two of the Indictment fails to allege an essential element with the degree of specificity necessary to state a violation of 18 U.S.C. 1958. That failure, which existed prior to Defendant's requested extradition, rendered the extradition void and violative of Defendant's due process rights -- both procedural and substantive. To be sure, Section 1958 requires proof that, inter alia, a defendant's conduct (if completed) would have violated either a State of Federal law proscribing murder. See, e.g., United States v. Samia, No. S9 13 Cr. 521 (LTS), 2016 U.S. Dist. LEXIS 172224 (S.D.N.Y. Dec. 13, 2016)(dismissing Section 1958 conspiracy and substantive counts where indictment failed to specifically cite to either predicate State or Federal statute); see also United States v. Montague, 2024 U.S. App. LEXIS 22689 (2d Cir. Sept. 6, 2024)(reversing conviction where indictment failed to specifically allege facts underlying numerical predicate statute).

Inasmuch as Section 1958 makes the predicate State or Federal statute an element of the Section 1958 offense, the failure to allege with any degree of specificity the predicate statute, or

the relevant facts, deprives the Court and, most importantly, the Defendant of the notice required under the Sixth Amendment. Equally important is the fact that we cannot know whether the grand jury found sufficient facts to return an indictment on either of the two charges given the absence of the requisite allegations.

Section 1958 "does not prohibit murder or attempted murder. Instead, it outlaws using interstate-commerce facilities with the intent that murder-for-hire be committed. Once the interstate-commerce facility is used with the requisite intent, the crime is committed." United States v. Delpit, 94 F.3d 1134, 1149 (8th Cir. 1996).

The Fifth Amendment guarantees that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. That indictment "must set forth each element of the crime that it charges." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998); accord United States v. Dupree, 870 F.3d 62, 70 (2d Cir. 2017).  This is no fussy rule of pleading or bureaucratic speed bump: a minimally specific indictment provides notice of the charges to the defendant and "gives the necessary assurance that the grand jury knew and agreed to charge that which the text describes." United States v. Gonzalez, 686 F.3d 122, 132 (2d Cir. 2012). The grand jury is "a substantial safeguard against oppressive and arbitrary proceedings." Id. at 127 (quoting Smith v. United States, 360 U.S. 1, 9 (1959)). It serves as a "referee between the Government and the people" by making independent assessment of the evidence. United States v. Thomas, 274 F.3d 655, 670 (2d Cir. 2001)(en banc)(quoting United States v. Williams, 504 U.S. 36, 47 (1992)).

It is undeniable that an indictment charging a violation of Section 1958 must, as a matter of law, allege at least one other statute (State or Federal) that would have been violated had the murder actually been committed. Such is an essential component of the mens rea ("intent") element, and the indictment here fails to do so. That failure, as a matter of law, requires dismissal of the indictment.

However, the impact of this egregious error is not remedied by simply dismissing the indictment. This Defendant was extradited from the Czech Republic upon an indictment that was defective, and that indictment was legally and factually insufficient to constitute prima facie evidence that the Grand Jury had found probable cease as to each essential element of the offense intended to be charged. Such a deficiency deprived this Defendant of his due process rights during the extradition proceedings, and rendered the extradition invalid, as a matter of law. Consequently, the Court should not only dismiss the indictment, but should also order this Defendant's immediate release from custody.

III.    CONCLUSION.

For the reasons stated, Defendant requests that the Court issue an order dismissing the indictment, and directing his immediate release from custody. In the interim, Defendant also moves this Court for his release on bail inasmuch as he has been detained in excess of 90 days without a trial, and the delay can be attributed only to a lack of diligent preparation on the part of

the Government, which can never justify exclusion of time from the Speedy Trial Act. See, 18

U.S.C. 3161(h)(7)(C); United States v. Gonzalez, No. 20 Cr. 335 (JSR), 2021 WL 2418437, at *3

(S.D.N.Y. June 14, 2021).

      WHEREFORE, Defendant prays that an order granting this motion will issue forthwith.


      Respectfully submitted,

       /s/

      NIKHIL GUPTA
      REGISTER NO. 20301-511
      METROPOLITAN DETENTION
CENTER

      P.O. BOX 329002
      BROOKLYN, NY 11232

cc: U.S. Attorneys Office (SDNY)
   Matthew Joseph Laroche, Esq.