# EXHIBIT 2B

-412-

*Translation from Czech language*

File Ref. No. Nt 417/2023-

# RESOLUTION

During the open hearing held on November 23, 2023, the Metropolitan Court in Prague heard, in the criminal case of the requested: **Nikhil Gupta, born on October 2, 1971 in New Delhi, Republic of India, permanently residing at the Republic of India, Delhi, [redacted], citizen of the Republic of India, currently serving the custody to prevent escape in the prison Prague 4 – Pankrác,** the motion of the Metropolitan State Prosecuting Attorney's Office in Prague of October 4, 2023, Ref. No. 1 KZM 1015/2023-156, to pronounce permissibility of extradition of the requested to the United States of America when deciding **as follows:**

**I. In accordance with Section 95, Par. 1 of Act No. 104/2013 Coll., On the international judicial cooperation in criminal matters, and Art. I of the Treaty between the Czechoslovak Republic and the United States of America on the Mutual extradition of fugitive criminals promulgated under No. 48/1926 Coll., as amended by the wording of the supplementary treaty promulgated under No. 185/1935 Coll., and the second supplementary treaty promulgated under No. 8/2010 Coll. of international Treaties and No. 27/2010 Coll. of international Treaties,**

**the extradition is permissible**

**of the requested: Nikhil Gupta, born on October 2, 1971 in New Delhi, Republic of India, permanently residing at the Republic of India, Delhi, [redacted] a citizen of the Republic of India, [redacted] prevent escape in the prison Prague 4 – Pankrác,**

for the criminal prosecution conducted in the United States of America for the criminal act of conspiracy to commit murder-for-hire, violating the provisions of the Title 18 of the United States Code, Section 1958(a), and for the criminal act of murder–for-hire and assisting and soliciting to commit this criminal act, violating the provisions of Title 18, United States Code, Section 1958(a) and 2, that he allegedly committed by the fact that:

*On May 30, 2023 or approximately around this date, when discussing with a confidential informant the trade in firearms and narcotics, he asked if this confidential informant knew anybody who could carry out murder of a lawyer who lives in New York. N. Gupta provided the informant with the name of the intended victim informing him that he would pay USD 100,000 for the murder. The confidential informant agreed stating that he would contact his friends in New York and try to facilitate the murder.*

*N. Gupta was building a relationship with the confidential informant since 2016 when they repeatedly spoke together about the transactions concerning firearms and narcotics that they, however, never materialized. On the grounds of this relationship, the confidential informant is of the opinion that N. Gupta is involved in trade in firearms and narcotics and N. Gupta believes that the confidential informant is a supplier of cocaine from Columbia.*

*The confidential informant and N. Gupta continued discussing the logistics of the murder and the confidential informant introduced a secret employee of the law enforcing authority*

*(a secret agent) as his contact in New York who would cooperate with the persons who would carry out the murder. On June 9, 2023, Gupta arranged, through a cash courier, the payment to the secret agent in the amount of USD 15,000 as the advance payment for the murder. In the course of the communication, Gupta said that he would like to have the murder carried out by a certain date and provided the confidential informant with certain facts and habits of the intended victim.*

II.

1. In accordance with Section 71a of Criminal Procedure Code, referring to provisions of Section 94, Par. 2 of Act No. 104/2013 Coll., On the international judicial cooperation in criminal matters, the request of the requested Nikhil Gupta, born on October 2, 1971, to be released from custody to prevent escape at liberty **is dismissed**.

2. **In accordance with Section 73a, Par. 2, Letter b) of Criminal Procedure Code,** referring to provisions of Section 94, Par. 2 of Act No. 104/2013 Coll., On the international judicial cooperation in criminal matters, **the substitution of custody in the form of pecuniary security in the amount of USD 400,000 is not accepted.**

3. In accordance with Section **73, Par. 5 of Criminal Procedure Code,** *a contrario*, referring to provisions of Section 94, Par. 2 of Act No. 104/2013 Coll., On the international judicial cooperation in criminal matters, **the substitution of custody of the requested consisting in imposition of the ban to travel abroad is not accepted.**

**Reasoning:**

1. The requested Nikhil Gupta was detained in the territory of the Czech Republic on June 30, 2023 at 10:00 on the grounds of the consent with his detention issued by the Metropolitan State Prosecuting Attorney's Office in Prague under File Ref. 1 KZM 1015/2023-6 of June 30, 2023 as the U.S party informed that the requested would travel to the Czech Republic when the consent with his detention was granted on the grounds of the international arrest warrant/request for preliminary arrest for the purpose of extradition, with no record in SIS, issued by the U.S. Department of Justice in the United States of America on June 19, 2023, File Ref. CRM-95-100-30787. The U.S. party requested the requested person for the act described in the statement of this resolution which the U.S. party considers the criminal acts of conspiracy to carry out murder-for-hire, violating provisions of Title 18, U.S. Code, Section 1958(a), and criminal act of murder-for-hire and assisting in and solicitation of committing this criminal act, violating provisions of Title 18, United States Code, Section 1958(a) and 2. The requested was placed in the custody to prevent escape by the resolution of the court here of July 1, 2023, File Ref. Nt 417/2023, in conjunction with the resolution of the High Court of July 26, 2023, File Ref. 14To 87/2023, when the custody is included since June 30, 2023, at 18:33.

2. The court ascertained from the file material preceding the detention, and with regard to the substance of the objections of the requested, it considers important to state the following:

3. By the communication of the Ministry of Justice of the Czech Republic of June 8, 2023 addressed to the Metropolitan State Prosecuting Attorney's Office in Prague, the Ministry of Justice of the Czech Republic sent for a preliminary examination, in accordance with Section 92 of the Act on the international judicial cooperation, the request of the U.S. party

for the custody to prevent escape of the requested advising that the requested should arrive in the territory of the Czech Republic on June 30, 2023.

-414-

4. The court ascertained from the request itself of the U.S. party regarding the concerned information of the Ministry of Justice of the Czech Republic that it concerns an urgent information of the U.S. party of June 19, 2023 via e-mail and through INTERPOL addressed to the Ministry of Justice of the Czech Republic in which the U.S. party, referring to Article XI of the Treaty between the Czechoslovak Republic and United States of America on mutual extradition of fugitive criminals promulgated under No. 48/1926 Coll., as amended by the supplementary treaty promulgated under No. 185/1935 Coll., and second supplementary treaty promulgated under No. 8/2010 Coll. of international Treaties and No. 27/2010 Coll. of International Treaties (hereinafter referred to as the „Treaty on extradition"), requests preliminary detention for the purpose of extradition of the person Nikhil Gupta with the nickname „Nick". The U.S. party states that Nikhil Gupta is the citizen of the Republic of India living in India and that it is expected that in the period approximately between June 21, 2023 and June 28, 2023, he will travel to Prague for a meeting with a confidential source who cooperates with the U.S. DEA (Drug Enforcement Administration). The U.S. party is further describing the act of the requested stated already above as well as the legal qualification in accordance with the respective U.S. regulations. It provides the data supporting no limitation of criminal liability and requests also, in accordance with Article X of the Treaty on extradition, the seizure of all possible items, equipment, valuable items, documents, and evidence concerning the criminal acts of which Gupta is accused and that he could have with himself at the time of his detention. In addition, the U.S party attached two photos of the requested and his identification data including his personal document numbers providing the numbers of passports of the requested issued by the Republic of India and Pakistan.

5. It is necessary to add that the requested, in the course of the first phase of the preliminary investigation, agreed with his extradition to the United States of America. He stated that he can travel himself to the United States of America, he only needs to know of which he is accused, when after being informed about his rights, he refused waiving the right of speciality principle. The requested subsequently withdrew his statement in the course of the preliminary investigation stating that he was confused and did not understand a certain part of the hearing (apparently of the custodial hearing), he was not able to understand its substance, the preliminary investigation of the Metropolitan State Prosecuting Attorney's Office therefore continued.

6. On August 25, 2023, by the due time limit stipulated by Art. XI of the Treaty on extradition, the Ministry of Foreign Affairs of the Czech Republic was delivered a diplomatic note of August 23, 2023 – Request No. 125 of the Embassy of the United States of America in the Czech Republic to extradite the requested, including the attached extradition materials.

7. **On October 5, 2023, the court here was delivered a motion of the State Prosecuting Attorney of the Metropolitan State Prosecuting Attorney's Office in Prague of the same day, Ref. No. 1 KZM 1015/2023, to pronounce permissibility of extradition of the requested to the United States of America for the above act.** The State Prosecuting Attorney, after reviewing the extradition materials, did not find any impediments preventing from extradition of the requested, therefore proposing to pronounce permissibility of extradition.

The court ascertained the following from the concerned extradition materials:

i. **The court ascertained from the diplomatic note – request for extradition of August 23, 2023, No. 125** that the U.S. party thereby requests the Czech party to extradite the requested for the purpose of conducting the above criminal prosecution in accordance with the respective articles of the Treaty on extradition. The U.S. party summarizes for what criminal acts the requested Gupta is requested to be extradited and describes the procedural steps of the U.S. investigating, prosecuting, and adjudicating authorities – see hereunder in the reasoning. The criminal liability of the requested has not been statute-barred in accordance with the regulations there. As already stated above, the U.S party also requests seizure of the items that the requested had with himself when detained and that could relate to the concerned criminal acts. Nikhil Gupta is the citizen of the Republic of India, born on October 2, 1971, he is a holder of the passport No. Z276952B, the photos of Gupta are provided in the supporting documents.

ii. The court ascertained **from the document Statutory declaration to support the request of extradition prepared by Ashley C. Nicolas of August 3, 2023** that it concerns the statement of the assistant to Federal Prosecuting Attorney of the United States of America in the Office of the Federal Prosecuting Attorney of the United States of America for the Southern District of New York. She studied the evidence and accusations in the case the United States of America versus Nikhil Gupta No. 23 Crim. 289 (VM) when the concerned statutory declaration is a set of the statements on the fundamental evidence in the case supporting the request for extradition. The assistant described the procedural steps of the U.S. party in the matter, including the indictment lodged for the requested and the way of its acceptance (see hereunder in the reasoning) when the criminal action against the requested was brought on June 13, 2023 for the above criminal acts. Following the indictment, the arrest warrant was issued on June 13, 2023 that is included in the extradition materials. The maximum punishment that can be imposed on the requested in the United States of America for the prosecuted act is the imprisonment in the duration of 10 years. The statement further includes so called "case summary" in which the development of the entire criminal matter is described resulting in the accusation of the requested.

iii. The court ascertained **from the Exhibit A, i.e. the indictment of the Metropolitan District Court of the United States of America, Southern District of New York, No. 23 Crim. 289 of June 13, 2023**, provided with the stamp of the Judge Marrero, the above accusations of the requested of the concerned criminal acts.

iv. The court ascertained **from Exhibit B, i.e. the arrest warrant No. 23 Crim. 289 of June 13, 2023 (entered on July 11, 2023)** that it concerns the arrest warrant issued by the U.S. party for Nikhil Gupta on the grounds of the above indictment.

v. The court verified **from Exhibit C, i.e. the extract from the legal regulation of the United States of America** concerning the criminal acts for which the requested is asked for to be extradited what punishment can be imposed on the respected in the United States of America.

vi. **The court ascertained from Exhibit D, i.e the statutory declaration of the special agent Mark J. Franks of August 3, 2023** that it concerns the statement of DEA agent for the purpose of extradition proceedings, summarizing the most important means of

evidence on the grounds of which the requested was accused of the concerned acts in the United States of America. The agent is then describing the anabasis of the entire matter where he specifically informs that the U.S. authorities are cooperating with the secret agent who was in the course of years in contact with the person named „Nick" (identified as the requested – see below) when they were discussing the trade in drugs and arms, however, the trade has never materialized; this person allegedly contacted the informant in May 2023 with his request to carry out murder-for-hire of a lawyer living in New York when the requested allegedly offered "100.000" for carrying out the murder. The secret agent was then speaking with the requested through WhatsApp about the advance payment in the amount of USD 25,000 that would be transferred prior to carrying out the murder. Around June 9, 2023, Gupta contacted the secret agent and provided him with the phone number for a cash courier who would deliver, in accordance with the statement of Gupta, the amount of USD 15,000, not USD 25.000, to a place in New York determined in advance. The cash courier subsequently called the secret agent who was introduced as a cooperating person of the confidential informant and requested coordination of delivery of the payment in the amount of USD 15,000. The phone call between the cash courier and secret agent is described. The cash was really delivered as agreed. During the meeting between the secret agent and courier, Gupta called the secret agent and requested him to speak with the cash courier stating that they agreed on returning the amount of USD 15,000 by Gupta to the cash courier in India where they both live. Gupta was urging to carry out the murder as soon as possible when specific examples of the recording and indirect quotations are provided of what Gupta allegedly stated. The confidential informant and secret agent were using a certain phone number for the communication with the person who arranged the payment of USD 15,000 for the murder of the intended victim. The search for the phone number in the databases of the authorities indicated that this phone number relates to the citizen of India Nikhil Gupta, he was then identified also on the grounds of the monitored videocalls on Whatsapp. The photos of him are attached and the passport number issued on March 31, 2023 with the number Z276952B and physical description are provided (see the information below regarding this). In accordance with the statement of the agent, the photos of the requested are identical with his appearance during the videocalls.

**In the course of the preliminary investigation but also during the proceedings before the court here, the requested himself as well as through his counsel, claimed relatively extensive objections** that can be summarized at large as follows. As it was said above, the requested stated that because of his ignorance, misunderstanding, and mental trauma, he agreed, on July 1, 2023, with his extradition, nevertheless, after speaking with his counsel, he found out that he is not a person who is searched in the United States of America. The extradition materials contain the data that, in his opinion, result in the doubts about the proceedings. The statutory declaration that was presented by the U.S. party within the extradition materials was prepared by the state prosecuting attorney on the grounds of a policeman statement. The policeman then provides in another statutory declaration the content of the phone calls, however, it is not obvious that these phone calls were made by the requested. He does not agree with the version of the Police of the United States of America. There is no proof that it concerns his person. The evidence is not sufficient. The conversation from Whatsapp was not presented by the U.S. party. The requested was allegedly monitored for a long period of time by the U.S. authorities, and despite this fact, no evidence is presented. He does not know why it took four days until issuing the arrest warrant for the requested by the U.S. authorities following the alleged transfer of cash to the courier. He does not know why the United States of America did not submit the request

-417-

for extradition to the Republic of India. The requested is not, in accordance with his statement, the person who committed the concerned criminal acts. The requested also states, regarding several points, conflicts between the statutory declaration of the assistant to the state prosecuting attorney and special agent that are included in the extradition materials – the court will make its statement regarding them hereunder in the reasoning of this resolution. He further stated that he has not been in the United States of America since 2017, he does not have real estate or commercial interests there, he does know anybody there, he had no reason to order a murder, he would not have the pecuniary means in the amount of USD 100.000 to pay for the alleged murder-for-hire, it is a lot of money. The requested also presented his curriculum vitae that, however, partly does not anyhow concern the extradition proceedings, it only describes his work career and repeats his statements. Nikhil is a common name in India, millions of people have this name, it has to be a misunderstanding. He does not have any motive for the criminal acts and time to commit them. It appears to him that the accusations could be a result of envy of his success when somebody prepared the accusation of him and wanted to spoil his name, to destroy him financially, and take over his business. It could be an unidentified person from Dubai where he was planning the purchase of real estate. He then made addition to his defence through his counsel stating that the extradition request of the United States of America is not sufficient, the indictment is missing the identification data of the requested, description, or any other data from which it could be clear that it concerns Nikhil Gupta who was detained. All information was ascertained only after his detention and the extradition proceedings became something like a criminal investigation. In his opinion, any Nikhil Gupta who arrived in the Czech Republic would be detained. The counsel quotes the established practice of the Constitutional Court of the Czech Republic regarding the fundamental elements of extradition materials including the grounds for criminal prosecution. In the opinion of the defence, the statement of the policeman cannot be used for criminal prosecution and it cannot represent the grounds for it. At the same time, the requested also asked for being released from custody referring to no justification of it when offering the pecuniary security in the amount of USD 500.000 and delivery of passports of the requested in case the reasons for custody are found. The requested then adjusted his offer of security stating that his family, friends, and relatives offer USD 400,000 when presenting to the court in this respect the statement of his daughter Siddhi Gupta of November 16, 2023 who allegedly deposited the concerned financial means with the assistance of the above persons, i.e. his family and close acquaintances. He stated that he did not ask for the international protection in the territory of the Czech Republic. The counsel further requested metadata for the e-mail message sent on June 19, 2023 to the Ministry of Justice of the Czech Republic by the U.S. party, also for the Exhibits A and B of the extradition materials, and for ascertaining the date of issue of the arrest warrant as well as ascertaining the weight and height, or more precisely the measures of the requested in the prison, and metadata for the decision of the state prosecuting attorney on granting consent with the detention of the requested in accordance with Section 93 Par. 1 of the Act on the international judicial cooperation.

10. **On October 23, 2023, with regard to certain objections of the requested, the court requested the Ministry of Justice of the Czech Republic to request additional information from the U.S. party** concerning certain discrepancies in the passport number of the requested provided by the U.S. party (following the confrontation with the documents that were secured at the requested when detaining him in the territory of the Czech Republic) when at the end of the number, letter B was changed for the number 8, and the U.S. party provided the date of issue of the document of the requested different

than the date of issue of the document with the concerned provided number. The U.S. party informed in its reply that it concerned an unintentional error. It further stated that the requested was checked on June 14, 2017 at the border-crossing point of the U.S. Customs and Border Protection at the International Airport in Los Angeles when entering the United States of America with the passport No. [redacted] issued on January 29, 2014 with the expiration on January 28, 2024.

11. **The court ascertained from the copy of the entry in the Register of Criminal Records and screening of the Central Register of Prosecuted Persons and Register of Criminal Records** that the requested was not judicially punished in the territory of the Czech Republic and no criminal proceedings are currently conducted against him.

12. **Regarding the question of the court here to the Metropolitan State Prosecuting Attorney's Office**, on the grounds of the content of extradition request concerning the fact how the items that were secured at the requested following his detention were treated, the Metropolitan State Prosecuting Attorney's Office informed by the letter of November 14, 2023 that separate proceedings were conducted by the Metropolitan State Prosecuting Attorney's Office regarding legal assistance under File Ref. 1 KZM 670/2023 when the seized mobile phones of the requested were, on September 19, 2023, handed over to the representative of the judicial authorities of the United States of America. As agreed with these representatives, the other items that the requested had with himself will be transferred together with the requested if the extradition is carried out.

13. **After reviewing the file material, especially the extradition materials and statements of the requested in the course of the extradition proceedings but also the other presented documents, the court concluded that extradition of the requested Nikhil Gupta to the United States of America is permissible.**

14. In the beginning, it is necessary to summarize that it is obvious from the description of the fact resulting from the extradition materials that the act for which the requested Gupta is considered guilty accomplishes the condition of bilateral punishability, when in accordance with the Criminal Code of the Czech Republic, it could be qualified at least as the especially grave criminal act of murder in accordance with Section 140, Par. 1 of Criminal Code in the stage of preparation in accordance with Section 20, Par. 1 of Criminal Code for which the imprisonment in the duration of up to 18 years can be imposed. The condition of bilateral punishability in accordance with Section 90, Par. 1 of the Act on the international judicial cooperation is accomplished with no doubts.

15. When reviewing the existence of other possible reasons to pronounce impermissibility of extradition in accordance with Section 91, Par. 1, Letter a) to n) of the Act on the international judicial cooperation, or in accordance with the Treaty on extradition, the court then concluded following:

   i. **The requested is not the citizen of the Czech Republic**, the reason in accordance with Section 91, Par. 1, Letter a) of the Act on the international judicial cooperation is not therefore accomplished;

   ii. **The requested was not granted international protection in the Czech Republic**, the reason in accordance with Section 91, Par. 1, Letter b) of the Act on the international judicial cooperation is not therefore accomplished;

-419-

iv. **No facts were ascertained for the requested concerning his age, personal circumstances, and gravity of the act for which his extradition is requested for which he would be inadequately harmed by the extradition,** he is a healthy man of middle age without any more significant health problems, without any working or personal relations to the Czech Republic, with the family members (including the children) who do not live and never lived in the Czech Republic. At the same time, the requested is asked for to be extradited for the especially grave criminal act;

v. **The requested was not granted pardon or amnesty,** it means the reason in accordance with Section 91, Par. 1, Letter d) of the Act on the international judicial cooperation is not therefore accomplished;

vi. **The fact for which the extradition is requested is the criminal act being subject to extradition,** it means that the reason in accordance with Section 91, Par. 1, Letter e) of the Act on the international judicial cooperation is not therefore accomplished – cf. Point 14 hereof;

vii. **The criminal act for which he is prosecuted in the United States of America is not of the exclusive political or military nature,** it means that the reason in accordance with Section 91, Par. 1, Letter f) of the Act on the international judicial cooperation is not therefore accomplished as it is obvious from the content of extradition materials that the requested is asked for by the U.S. party for the gravest type of criminal act – it means the crime against life;

viii. **The criminal act for which the requested is prosecuted in the United States of America does not consist exclusively in the violation of tax, customs, foreign currency, or similar regulations (see Point vi above),** it means that the reason in accordance with Section 91, Par. 1, Letter g) of the Act on the international judicial cooperation is not therefore accomplished;

viii. **It is not possible to impose death penalty in the United States of America for the criminal act for which the requested is asked to be extradited,** it means the reason in accordance with Section 91, Par. 1, Letter h) of the Act on the international judicial cooperation is not therefore accomplished; and **the foreign country does not request extradition for the purpose of carrying out death penalty,** it means that the reason in accordance with Section 91 Par. 1 Letter i) of the Act on the international judicial cooperation is not therefore accomplished;

ix. **Criminal liability for the same act would not be statute-barred in accordance with the legal order of the Czech Republic** with regard to the date of criminal act committing by the requested; nevertheless, it is necessary to add that with regard to Art. V of the bilateral Treaty on extradition, the court is not competent to make decision on statutory bar in accordance with the Czech legal order;

x. **No proceedings are or were conducted in the Czech Republic against the requested for the act for which extradition is requested; it was not ascertained that a criminal prosecution for the same act is conducted in another Member State or associated state,** it means that the reason in accordance with Section 91, Par. 1, Letter k), l), m) of the Act on the international judicial cooperation is not therefore accomplished;

-420-

vi. **The requested was not transferred or extradited to the Czech Republic**, the reason in accordance with Section 91, Par. 1, Letter n) of the Act on the international judicial cooperation is not therefore accomplished.

vii. **Finally, the court did not find accomplished the reason of impermissibility of extradition in accordance with Section 91, Par. 1, Letter o) and p) of the Act on the international judicial cooperation**, it means that the Czech Republic would violate, by the extradition of the requested, its obligations resulting from the international human right conventions. At the same time, the court did not find out that the requested is exposed in the United States of America to the persecution because of his origin, race, religion, or sex, etc., as no other circumstances were ascertained contributing to the conclusion that the reason of impermissibility of extradition would be accomplished in accordance with Section 91, Par. 1, Letter p) of the Act on the international judicial cooperation, when the court makes statement to it bellow.

16. **In detail and especially regarding the objections of the requested, claimed in the course of extradition proceedings, the court states the following:**

17. The extradition proceedings in the matter heard follow the contractual grounds that are the bilateral Treaty between the Czechoslovak Republic and the United States of America on mutual extradition of fugitive criminals promulgated under No. 48/1926 Coll., as amended by the supplementary treaty promulgated under No. 185/1935 Coll., and second supplementary treaty promulgated under No. 8/2010 Coll. of International Treaties. and No. 27/2010 Coll. of International Treaties. Ascertaining and verifying the conditions to pronounce permissibility of extradition of the requested is the substance of the proceedings conducted now and the task of the court; it is not consideration of the fault or innocence of the requested with regard to the concerned act for which he is requested to the territory of the foreign state. The court did not find in the matter heard now any impediments preventing from pronouncing permissibility of extradition of the requested in accordance with the above, adding that it considers the extradition materials presented in the matter complete and sufficient to make such conclusion.

18. First of all, it is necessary to make statement regarding one of the fundamental and crucial objections of the requested that he is not the person the U.S. party requests to be extradited (see the already summarized statements of the requested above). However, the court concluded that the U.S. party provided a sufficient number of special facts on the grounds of which, it is possible to unambiguously identify the requested as the person the U.S. party requests to be extradited.

19. It can be summarized that the U.S party provided the Czech Republic with a relatively detailed description of the requested already in the document on the sheet number 11-15 (e-mail) dated June 19, 2023, it means more than 10 days prior to the detention of the requested. The U.S, party requested preliminary detention of the requested for the purpose of extradition proceedings in case the requested arrives in the Czech Republic. The document includes also two photos of the requested on the grounds of which the court could verify the appearance of the requested as well as his basic personal data, i.e. his citizenship, date and place of birth, and numbers of his personal documents – the court will make statements on them bellow. The U.S. party also already in this stage of the proceedings described relatively in detail for what reason the requested is being requested

and on the grounds of what evidence the criminal proceedings are conducted in the matter against the requested. If the requested challenges through his counsel that already this document – and also perhaps other documents of the investigating, prosecuting, and adjudicating authorities in the Czech Republic based on it were allegedly antedated, it can be stated concerning this that this conclusion has no grounds at all. It is apparent that the concerned request of the U.S. party was sent by the Ministry of Justice of the Czech Republic to the Metropolitan State Prosecuting Attorney's Office in Prague on June 28, 2023 – i.e. still several days prior to the arrival of the requested in the territory of the Czech Republic. Subsequently, on June 30, 2023, on the motion of the National Centre against the Organized Crime, the Metropolitan State Prosecuting Attorney's Office in Prague granted consent to detain the requested in accordance with Section 93, Par. 1 of the Act on the international judicial cooperation when the requested arrived in the Czech Republic on the same day. The above procedure represents the steps interconnected with regard to logics and time. The fact that the U.S. party was very well aware of the fact that the requested is the person they request for its criminal proceedings results logically also from the fact that the U.S. party, on the grounds of its own investigation, predicted that the requested would travel for a meeting in the Czech Republic when this assumption was fully accomplished – when the court considers this important also in relation to the specific identity of the requested – including the appearance of the requested, known already prior to his arrival in the Czech Republic. It is therefore not possible to accept the defence stating that the U.S. party perhaps did not know at all what person should this concern of and would detain any person arriving in the Czech Republic with the concerned name. For the above reasons, the court did not accept the objections of the defence that the presented documents – in addition, as already stated, in accordance with the statement of the counsel, during the last open hearing in the matter, **were perhaps antedated** by the Czech authorities, wherefore the court dismissed also the evidentiary proposal of defence to add metadata in this respect. Finally, it cannot be omitted that the statement of the U.S. party regarding the fact that the requested, in the period of 2016 and 2017, arrived in the United States of America when this is documented by the photos of the requested during the border crossing checks (the year 2016 and 2017 – see Sheet No. 128) is confirmed also by the requested himself when in his statement, or more precisely in his curriculum vitae, stated that in the period of 2016-2017, he travelled to the United States of America (Sheet No. 219) when this further supports the fact that the requested is, with no doubts, the person the extradition of whom the United States of America request. For all above reasons, the court considered as redundant also the evidentiary motion of the defence to request and ensure physical measures of the requested serving custody to exclude the identity of the detained with the person whom the United States of America described in the extradition materials. The reason for it is the fact that a qualified estimate is made when describing the persons searched and also the generally known fact that also the physical measures of the requested could change to a certain extent in the course of time (that is also documented by the photos on the documents of the requested that he had with himself when detained).

20. The court considers the defence of the requested unreliable in this respect also with regard to its development in the course of the extradition proceedings itself. It cannot be neglected that the requested, in the beginning of the preliminary investigation, did not claim any objections of the above nature, he stated himself that he agrees with the extradition of him to the United States of America, nevertheless, he does not want to waive the right of speciality principle and he needs to know for what he is prosecuted in the United States of America. Only after his defence was taken over by his counsel on the grounds of the power of attorney, the defence fundamentally and significantly changed in the above respect when

this is expressly stated by the requested himself in one of the judicial documents. Such position is surely his sovereign right, nevertheless, it is necessary to consider these facts when evaluating his testimony in the course of time and imply logical conclusions. Also now, to a certain extent, the defence varies when on one hand stating that it definitely does not concern his person, it concerns another Nikhil Gupta and millions of such persons live in the world when he lives due family life (for which he is presenting, for example, the mentioned curriculum vitae of him), with no property background allowing him to pay the amount of USD 100,000 for the ordered murder, on the other hand, he is presenting alternative options of the matter stating that somebody could "construct" the criminal prosecution because of envy with regard to his successful business activities and dealing with the purchase of real estate in Dubai that corresponds also with the initial statement of the requested that he would be able to pay USD 500,000 as the pecuniary security for custody or that he ensured business also for his son.

21. At the same time, the court is aware of the fact that the U.S. party provided, for the identification of the requested, apart from the relevant photos, the passport number of the requested with a wrong ending and date of issue corresponding to the different personal document of the requested, however, the error was clarified within the additionally provided explanation in which the U.S party unambiguously confirmed by what passport the requested proved his identity when crossing the border in the United States of America in 2017. If concerns his alleged Pakistani passport that was mentioned by the U.S. party, then this information was provided by the U.S. party only in the beginning of the proceedings, it is not mentioned further in the extradition materials when at the same time, the U.S. party always unambiguously states that it concerns the citizen of India. The court does not exclude that in the past, the requested could be also a holder of Pakistani passport, nevertheless, with regard to the above facts and unambiguous identification of the requested, the court does not consider this information relevant for the evaluation of identity of the requested person or even as the information implying doubts about his identity.

22. Regarding the content of the extradition materials, the court, first of all, repeats that in the light of the established practice of the Constitutional Court presented to it by the counsel and that it is very well aware of, it is competent to review the reasons and grounds for the proceedings conducted in the foreign state within the ongoing extradition proceedings only in completely fundamental elements. In other words, the court has to ascertain that the proceedings conducted in the foreign state are, with regard to their stage, supported basically by a logical set of evidence implying that it is the requested who could commit the criminal act, and especially that the extradition materials do not indicate any apparent arbitrariness of the requesting state.

23. In the opinion of the court here, the U.S. party provided, in the matter heard, the extradition materials containing a sufficient description of the evidence on the grounds of which the criminal proceedings against the requested are conducted in the United States of America. After all, the above relates, to a certain extent, closely also to the challenged issue of identification of the requested, despite the fact that not as a person whom the U.S. party requests but as a person who allegedly committed the concerned criminal act. However, this issue already significantly relates to the issue of guilt of the requested of the prosecuted act that, however, the requested court is not entitled to resolve in the extradition proceedings. The fact that in the opinion of defence, the criminal proceedings in the United States of America are supported only by the statement of one policeman, represents a

-423-

significant objection of the defence in this respect. However, such statement is in a sharp conflict with the presented extradition materials in which the U.S. party provided statutory declarations, i.e. so called *affidavits* of the judicial and police authorities summarizing, for the purpose of the extradition proceedings, the course or criminal proceedings and providing the evidence secured in the matter by the U.S party. It therefore concerns a certain form of information on the secured evidence just for the purpose of extradition proceedings (not for the criminal proceedings themselves in the concerned matter conducted in the United States of America) that should not be, especially in the situation of the commenced criminal prosecution, excessively specific as the communicated extent of the secured evidence is the issue of procedural tactics (also in the criminal proceedings in the Czech Republic when until the time of informing about a possible disclosure of the investigation file, the access to a part of the evidence can be denied in the pre-trial proceedings – see provisions of Section §, 65 Par. 2 of Criminal Procedure Code). Under the situation when the specific evidentiary materials were provided by the U.S. party in their general elements, specifically the secured phone communication – including also the dates and certain quotations, the identification of the requested through the videocalls, matching the phone number with the person Nikhil Gupta and other, the content of communication about the secured evidence can be justifiably found sufficient for the consideration of the requested state when it is not possible to overlook the role in the proceedings of the informant of the U.S. investigating, prosecuting, and adjudicating authorities and secret agent (or more precisely, the person who was to carry out the concerned murder as the requested believed). The concerned evidentiary findings as already described above, resulted, after all apparently, in the findings of the U.S party that the requested would probably travel to the Czech Republic. Under such situation, the court does not find any reason to further request from the U.S. party another specific content of the evidence, specific numbers of the monitored phones, etc. by which it would not only significantly excessively prolong the extradition proceedings but especially threaten the evidence production itself in the criminal proceedings in the United States of America that, for tactical reasons, in this stage of the proceedings, do not want to present it in its full extent. The court considers important to add that the above evidentiary materials were not evaluated just by one policeman but they were reviewed by the grand jury of the competent U.S. judicial authority (see the statement of the U.S. party on Sheet No. 108 of the file material), and only following its decision, the requested was accused of the criminal act, or more precisely, the arrest warrant was issued for him. As stated in the statutory declaration of the assistant to prosecuting attorney, every member of grand jury has to review the presented evidence and establish if there is sufficient reliable evidence to believe that a criminal act was committed and that is possible that the accused committed the criminal act. The requested himself then claimed the individual and specific objections mainly when comparing the documents provided by the U.S. party within the extradition proceedings, i.e. two statutory declarations and the indictment, nevertheless, the court did not accept them. It is obvious that the provided discrepancies are completely formal and not crucial for the matter, resulting from the fact that the documents were created by various authorities, in different stages of the proceedings and for different purposes. Certain discrepancies are therefore quite natural and antedating of any documents is not supported at all by the fact itself that the record on a certain procedural act was made on a different date then the act itself was carried out.

24. For the record and to cover every aspect, the court is adding that if concerns the version of the extradition materials in the matter presented by the U.S. party as well as of the individual presented documents, it is fully comparable with the version of the extradition

materials and procedural documents in the other extradition proceedings conducted in the United States of America that the court has experience with. If concerns, for example, the fact that the indictment does not contain the date of birth of the requested, it concerns only formal differences of the prepared procedural acts conducted within the criminal proceedings there (compared with the Czech legal system) that, of course, result, to a certain extent, from the difference of the entire U.S. legal system. However, all documents relate to one file number, contain all other formal elements, and are fully consistent with regard to content. If concerns their alleged false dates, also in this respect, the court did not accept the defence of the requested when despite the fact that on some of the documents, a different date of recording is included, the dates themselves on the documents fully correspond to the information provided by the U.S. party. The court has no reason to believe that the U.S. party, as a partner on the grounds of the bilateral extradition treaty, had allegedly falsified the presented documents. Regarding the objections of the defence, it can be added that if concerns the arrest warrant issued by the U.S. party, the fact itself that was issued and when it was issued, is stated by the U.S. party already in its document of June 19, 2023 – see the development of the matter and court interpretation above. The data provided is fully consistent. Regarding the other objections, the court emphasizes that it cannot evaluate the procedural or tactical steps taken by the U.S. party concerning the fact when it made decision to issue the arrest warrant against the requested or why it did not request the Republic of India for a possible extradition. It concerns the decisions that are fully in competence of the U.S. party when the court here cannot review them. The court is competent only to make decision on permissibility or impermissibility of the extradition of the person who was detained in its territory in accordance with the legal provisions and bilateral international treaty, it is not competent to deal with the fact why another state was not requested for extradition.

25. It can be therefore summarized that the court did not find any reasons for impermissibility of extradition in accordance with the above. The extradition materials are complete, the identification of the requested as the person the extradition materials concern of is, in the opinion of the court, unambiguous. The U.S. party presented sufficient evidence to justifiably believe that the requested is the person who could commit the concerned criminal act. The requested is extradited to the United States of America, it means to the state that the Czech Republic considers, generally within the extradition proceedings (in addition, conducted on the grounds of the bilateral Treaty on extradition), a democratic state enforcing fundamental human rights and human freedoms, or more precisely, a state where the state of human rights and fundamental freedoms does not rise any possible doubts in this respect, and on the grounds of all above facts, no reasons were found in accordance with Section 91, Par. 1, Letter o) of Act on the international judicial cooperation. In addition, no circumstances were found for which the court should be concerned that the requested could be perhaps exposed in the United States of America to a persecution for the reason of his origin, race, religion, sex, belonging to a certain national or another group, citizenship or because of his political opinion or for other similar reasons, or that his position in the criminal proceedings would become worse – after all, such objections were not claimed by the requested himself.

26. For the above reasons, it was therefore decided as stated in Statement I of this resolution.

27. **At the same time, the court, under Statement II of this resolution, was making decision on the request of the requested to be released from the custody to prevent escape and on the offered pecuniary security and proposed substitutions of custody.**

**However, the court found out that it is not possible to accept this request, even using some of the possible institutes of custody substitutions.**

28. After reviewing the reasons for custody (i.e. the concerns of escape of the requested), the court concluded that nothing changed to the existence of this reason in the course of the proceedings, on the contrary, it was accentuated by the conclusion of the court here on the permissibility of extradition of the requested to the United States of America despite the fact that it is still not final and conclusive. The requested is a person with no stay in the territory of the Czech Republic, he does not have and did not have in the past any specific working or social relations that could be a sufficient guarantee for the court that he would not make decision to frustrate the extradition proceedings. Regarding the questions during the open hearing, the requested stated that at the moment, he does not have his stay arranged, he would only resolve it in the form of a temporary accommodation in a hotel, etc. His family supportive environment in the Czech Republic is zero. It is apparent that the requested does not have any established relations in the Czech Republic that could justify his possible release from the custody or at least contribute somehow to such step – even if making promise in accordance with Section 73, Par.1, Letter b) of Criminal Procedure Code when the requested did not offer it.

29. Nevertheless, the decision of the court here to dismiss the request of the requested is significantly supported especially by the substance of the criminal act for which the requested is asked for in the United States of America, i.e. for organizing the gravest violent criminal act against life. In the territory of the United States of America, the requested is exposed to a considerable sentence of imprisonment in the duration of up to 10 years. If concerns the reason for custody that can be just the concern of his escape, these facts appear as quite crucial in relation to considering the concern and risk of escape of the requested as he is now fully aware, with regard to the advanced stage of the extradition proceedings, of being evidently exposed to the extradition to the United States of America. At the same time, the requested is the person for whom it was proved that he has no problem to travel and stay at various places abroad, on the contrary, this is quite apparently the part of his common life.

30. The above conclusions cannot be anyhow affected by the offered pecuniary security in the amount of USD 400,000 that was allegedly deposited by the daughter of the requested – despite the fact that in the statement of the daughter itself presented by the defence, it is stated that the family, relatives, and friends would contribute to the concerned security. The court concluded that it is not possible to accept the pecuniary security, or more precisely, to pronounce its permissibility, for several reasons. First of all, it is necessary to state that the security was offered as possibly deposited by the daughter of the requested who is not in the Czech Republic, it is not possible to anyhow verify the signature of this person on the copy of the document as well as the statement that she is the daughter of the requested. The court does not have possibility to hear her or other persons participating in a possible deposit of the bail regarding the matter or to anyhow verify their property circumstances. Under such situation, it is not possible to consider the bail deposited by the close persons of the requested (in addition, not properly identified). In addition, the property situation of the requested, it means also of his family, is at least unclear. It can be, for example, stated that the requested originally offered to deposit the bail in the amount of USD 500,000 when subsequently adjusting this referring to his counsel stating that the bail would be deposited by his daughter as he himself does not have such financial means when the daughter was considering CZK 500,000 stating that she does not distinguish the currency. He then

proposed the bail of the above amount and means of depositing. These facts, changing in time, do not definitely prove reliability of the requested regarding his property circumstances. The requested, for example, states within his defence, that he was not able to pay USD 100,000 for the allegedly ordered murder as it concerns a big financial amount, however, on the other hand, he states that he has a very successful cross-border business that can be subject to envy, adding that he was planning a possible purchase of a real estate in Dubai, arranged business for his son. The court therefore cannot in fact evaluate the property circumstances of the requested and his family and cannot suitably and adequately set the amount of pecuniary security that would dispel possible concerns of his escape. If concerns the documents presented by him on tax returns in the Republic of India, they were presented to the court only in English language, the court cannot use these documents within the proceedings conducted in the Czech Republic as the evidence; in addition, tax return itself may not be a relevant evidence to verify the property of the requested. For all above reasons, it was decided not to accept the pecuniary security. In addition to the above, the court concludes that with regard to the advanced stage of the extradition proceedings and substance of the criminal act for which the extradition of the requested is asked for, it would not find the reason for accepting the pecuniary security to secure the reasons for custody to prevent escape even if a double amount is offered.

31. In addition, the court ascertained fully insufficient the proposed measure in the form of passport withdrawal when it is apparent that with regard to free movement of persons in the Schengen area, also this measure, in conjunction with the other guarantees described above, could not sufficiently dispel the concerns. Last but not least, the court has to remind that it is aware of the fact that the requested is serving custody to prevent escape when its longest permissible duration is not anyhow limited by the law, and at the same time, the court is aware of the established practice of the Constitutional Court regarding the necessity of continuous monitoring of duration of the custody to prevent escape also with regard to the stage of extradition proceedings. At this moment, however, the court has to state that the period of time for which the requested has been serving the custody to prevent escape, does not appear anyhow inadequate in relation to the criminal act for which N. Gupta is requested to be extradited and with regard to the stage of the ongoing extradition proceedings. The requested was detained on June 30, 2023, i.e. he has been serving the custody to prevent escape for approximately 5 months. Such period of time is not even distantly close to the longest permissible duration of custody in accordance with Section 72a, Par. 1, Letter c) of Criminal Procedure Code stipulated in case the requested is prosecuted in the territory of the Czech Republic for the prosecuted act.

32. **With regard to all above facts, the court decided as included in the statements of this resolution.**

Notice: A complaint against both sentences of this order may be lodged with the High Court in Prague, through the court below, within **three days** from the date of its notification.
The complaint **has** suspensory effect in the case of operative part I.
The complaint shall **not have** suspensory effect in the case of operative part II. 1-3
The right of complaint cannot be successfully invoked by someone who has already expressly waived it.

In Prague, on November 23, 2023

**Mgr. Blanka Bedřichová**, /s/
President of the Chamber

*Signature*

*Round stamp: The Metropolitan Court in Prague*

Certified as a true copy by: Aneta Meuerová

-428-

## PŘEKLADATELSKÁ DOLOŽKA

Já, Heather Badieová, IČ: 71638750, soudní překladatelka jazyka českého a anglického, zapsaná v seznamu tlumočníků a překladatelů vedeném Ministerstvem spravedlnosti České republiky, tímto potvrzuji, že jsem provedla překlad připojené listiny a že tento překlad souhlasí s textem předmětné listiny. Při provádění překladu nebyl přibrán konzultant. Tento úkon je zapsán v evidenci úkonů pod číslem položky 404/2023.

Zadavatelem úkonu je Městský soud v Praze, úkon byl zadán pod číslem jednacím Nt 417/2023.

V Praze, 19. prosince 2023

## TRANSLATOR´S DECLARATION

I, Heather Badieová, ID number: 71638750, sworn translator from and into Czech and English, registered on the list of interpreters and translators maintained by the Ministry of Justice of the Czech Republic, hereby certify that I have translated the attached document and the translation corresponds with the text of that document. No consultant has been engaged for the purposes of this translation. This translation is recorded in the register of translation and interpreting assignments under item number: 404/2023.

The contracting authority is The Municipal Court in Prague, file no. Nt 417/2023.

In Prague, on December 19, 2023.

Mgr. Heather Badieová

Mgr. Heather BADIEOVÁ * soudní překladatel jazyka českého a anglického *

Mgr. Heather BADIEOVA
soudní překladatel
jazyka českého a anglického

Mgr. Heather BADIEOVA
soudní překladatel
jazyka českého a anglického

Dodavatel:
Mgr. Heather Badieo
Bedřichovská 1962/2
182 00 Praha 8
telefon: +420 776 1
e-mail: badie@sezn
IČO: 71638750
DIČ: CZ7952179
Zapsána v živnost
Praha 8

Odběratel:
Městský soud v
112 16 Praha 2,
IČ: 00215660

Datum splatnos
Forma úhrady:

**Č.j: Nt 417**

Fakturuji Vám

1. Překla
33 str.
Č. tlu

MĚS
pra
Došlo
dne:
kolky