# EXHIBIT 21

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIKHIL GUPTA,<br>a/k/a "Nick" | Case Number: 23 Crim. 289 (VM) |

**AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION OF NIKHIL GUPTA**

I, Ashley C. Nicolas, being duly sworn, depose and state:

1. I am a citizen of the United States. Since September 2020, I have been employed as an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York. I have been licensed to practice law since 2019. As an Assistant United States Attorney, I am an officer of the United States, and it is my responsibility to prosecute persons charged with criminal violations of the laws of the United States. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States.

2. This affidavit is submitted in support of a request by the United States for the extradition of NIKHIL GUPTA, a/k/a "Nick."

3. In the course of my duties as an Assistant United States Attorney, I have become familiar with the evidence and the charges in the case of *United States v. Nikhil Gupta*, No. 23 Crim. 289 (VM). This affidavit does not detail all of the evidence against GUPTA that is known to me, but only the evidence necessary to establish a basis for the extradition request.

## THE CHARGES AGAINST NIKHIL GUPTA

4. NIKHIL GUPTA was indicted by a grand jury in the Southern District of New York on June 13, 2023. An indictment is a formal accusation or charging document issued by a grand jury which is part of the judicial branch of the U.S. government. A grand jury consists of sixteen to twenty-three randomly selected citizens impaneled to review evidence of crimes presented to it by United States law enforcement authorities. Each member of the grand jury must review the evidence presented and determine whether there is enough credible evidence to believe that a crime has been committed and that it is likely that the defendant committed the crime. The grand jury may issue an indictment charging the defendant with a crime when at least 12 grand jurors determine that it is more likely than not that the defendant committed the crime. If further evidence is later presented to the grand jury as to the matters for which an indictment has already been issued, the grand jury may issue a superseding indictment using the same procedures as with an original indictment. In such a case, the superseding indictment takes the place of the previous indictment. If still further evidence is presented to the grand jury after the issuance of the superseding indictment, the grand jury may issue a second superseding indictment, which takes the place of the superseding indictment, and so forth. A warrant for the arrest of the defendant or defendants may issue from a superseding indictment or second superseding indictment using the same procedures as with an original indictment.

5. On June 13, 2023, a federal grand jury issued an Indictment charging NIKHIL GUPTA with the following offenses: one count of conspiracy to commit murder-for-hire, in violation of Section 1958(a) of Title 18 of the United States Code, and one count of murder-for-hire and aiding and abetting that offense, in violation of Sections 1958(a) and 2. Additionally, the Indictment contains a forfeiture allegation. Forfeiture is a consequence of a conviction on the

charges alleged in the Indictment and is not a charge in itself. The forfeiture allegation is included in the Indictment mainly to give the defendant notice of the forfeiture provisions. I have obtained a copy of the Indictment, certified to be true and accurate by the Clerk of the Court, and have attached it to this affidavit as Exhibit A.

6. On June 13, 2023, Ruby J. Krajick, Clerk of the Court, Southern District of New York, issued an arrest warrant for GUPTA pursuant to the Indictment. I have obtained a certified copy of the arrest warrant from the clerk of the court, and have attached it to this affidavit as Exhibit B.

7. Count One of the Indictment charges GUPTA with conspiracy to commit murder-for-hire, in violation of Title 18, United States Code, Section 1958(a). It charges that GUPTA willfully and knowingly combined, conspired, confederated, and agreed with others to engage in illegal activities, specifically, to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, in violation of Title 18, Untied States Code, Section 1958(a).

8. Under United States law, a conspiracy is an agreement to commit one or more criminal offenses. The agreement on which the conspiracy is based need not be expressed in writing or in words but may simply be a tacit understanding by two or more persons to do something illegal. Conspirators enter into a partnership for a criminal purpose in which each member or participant becomes a partner or agent of every other member. A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful

scheme or the identities of all the other members of the conspiracy. If a person has an understanding of the unlawful nature of a plan and knowingly and willfully agrees to it, joining in the plan, he is guilty of conspiracy, even though he may play only a minor part. A conspirator can be held criminally responsible for all reasonably foreseeable actions undertaken by other conspirators in furtherance of the criminal partnership.

9. The crime of conspiracy is an independent offense, separate and distinct from the commission of any specific "substantive offense." Consequently, a conspirator can be found guilty of the crime of conspiracy to commit an offense, even where the underlying substantive offense that was the purpose of the conspiracy is not completed.

10. The maximum penalty for a violation of Section 1958(a) of Title 18 of the United States Code, as charged in Count One of the Indictment, is 10 years' imprisonment.

11. Count Two charges GUPTA and others with murder-for-hire and aiding and abetting murder-for-hire, in violation of Sections 1958(a) and 2 of Title 18 of the United States Code. It charges that GUPTA traveled in and caused another person to travel in interstate and foreign commerce, and used and caused another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, and aided and abetted the same, in violation of Title 18, Untied States Code, Sections 1958(a) and 2.

12. Under Section 2 of Title 18 of the United States Code, a person who aids and abets the commission of a crime is as guilty as the person who actually performs the criminal act.

13. The maximum penalty for a violation of Sections 1958(a) and 2 of Title 18 of the United States Code is ten years' imprisonment.

14. The United States requests the extradition of GUPTA based on the charges set forth in the Indictment. The charges are punishable under statutes that (1) were the duly enacted laws of the United States at the time the offenses were committed, (2) were the duly enacted laws of the United States at the time the indictment was filed, and (3) are currently in effect. The offenses are felony offenses punishable under United States law by more than one year of imprisonment. I have attached copies of the relevant statutes and the applicable penalty provisions to this affidavit as Exhibit C.

15. The statute of limitations on prosecuting the offenses charged in Counts One and Two, the Indictment is governed by Section 3282 of Title 18 of the United States Code, which states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

16. Once an indictment has been filed in a federal district court, as with the charges against GUPTA, the statute of limitations is tolled and no longer runs. In addition, under the laws of the United States, the statute of limitations for a continuing offense, such as conspiracy, begins to run upon the conclusion or completion of the offense, not upon the date it commenced. Because Counts One and Two each charge offenses lasting through June 2023, the Indictment in this matter, filed on June 13, 2023, was filed within the prescribed time period. A copy of Title 18, United States Code, Section 3282 is included in Exhibit C.

17. As of the transmission of this request, the United States does not believe that GUPTA faces charges in the Czech Republic for the conduct charged in the Indictment.

## SUMMARY OF THE CASE

18. The target of this investigation, NIKHIL GUPTA is an Indian citizen who, at the time of the offenses, was residing in New Delhi, India. Over the course of approximately seven years, GUPTA developed a relationship with an individual who was working as a confidential informant (the "Confidential Informant"). During that time, the Confidential Informant and GUPTA repeatedly discussed — but never completed — firearms and narcotics deals. Based on their relationship, the Confidential Informant believes that GUPTA is a firearms and narcotics trafficker. GUPTA is under the impression that the Confidential Informant is a Colombian cocaine supplier.

19. On or about May 30, 2023, in the course of discussing a firearms and narcotics deal, GUPTA asked the Confidential Informant, in sum and substance, if the Confidential Informant knew anyone who could assist GUPTA in carrying out the murder of a lawyer who lives in New York (the "Intended Victim"). GUPTA then provided the Confidential Informant with the Intended Victim's name and explained that he would pay $100,000 for the murder. The Confidential Informant agreed to contact his friends in New York in an attempt to facilitate the murder.

20. As the Confidential Informant and GUPTA continued to discuss the logistics for the murder, the Confidential Informant introduced an undercover law enforcement officer (the "Undercover Agent") as the Confidential Informant's contact in New York who would be coordinating with the individuals tasked with committing the murder. On June 9, 2023, GUPTA arranged for a Money Courier to pay the Undercover Agent $15,000 as an advanced payment for the murder. During their communications, GUPTA conveyed that he wanted the murder to be

completed by a particular date and shared with the Confidential Informant some facts about the Intended Victim's movements and habits.

21. On June 13, 2023, GUPTA was charged in an Indictment for the murder-for-hire scheme. The same day, a warrant was issued for GUPTA's arrest. On June 19, 2023, a provisional arrest request was issued by Ministry of Justice of the Czech Republic and, on June 30, 2023, Czech authorities arrested GUPTA. At the time of GUPTA's arrest, Czech authorities seized at least three electronic devices as well as GUPTA's luggage.

22. The murder-for-hire scheme and the evidence against GUPTA are described in more detail in the affidavit of Drug Enforcement Administration Special Agent Mark Franks, which is attached to this affidavit as Exhibit D

**DESCRIPTION OF GUPTA**

23. NIKHIL GUPTA is described as an Indian male with brown eyes and dark brown/black hair. He was born on October 2, 1971. GUPTA is the holder of an Indian passport, issued on March 31, 2023, with passport number [redacted].

24. Two photographs of GUPTA are attached as Exhibit E. One photograph of GUPTA was taken by United States Customs and Border Protection on June 14, 2017, when GUPTA traveled to Los Angeles International Airport, and the second photograph was taken by United States Customs and Border Protection on December 12, 2016, when GUPTA traveled to John F. Kennedy International Airport.

**CONCLUSION**

25. I have attached the following documents in support of this request for the extradition of NIKHIL GUPTA:

Exhibit A Indictment against NIKHIL GUPTA dated June 13, 2023;

Exhibit B Warrant for the Arrest of NIKHIL GUPTA June 13, 2023;
Exhibit C Relevant Statutes;
Exhibit D Affidavit of Special Agent Mark Franks;
Exhibit E Photograph of NIKHIL GUPTA.

26. If Czech authorities, or a Czech court, believe that additional information is needed in support of this extradition request after the submission of this request, the United States (through the Department of Justice, Office of International Affairs) hereby requests, pursuant to Article XIa of the 2006 U.S.-Czech Second Supplementary Extradition Treaty, that it be given notification of any perceived deficiencies immediately, and that the United States be given an opportunity to supplement its request for extradition within a reasonable time period.

27. This affidavit and the affidavit of Special Agent Mark Franks were sworn to before a United States Magistrate Judge, who is legally authorized to administer an oath for this purpose. I have thoroughly reviewed this affidavit and the exhibits referenced herein and attest that this evidence indicates that GUPTA is guilty of the offenses charged in the indictment.

Ashley C. Nicolas
Assistant United States Attorney

Sworn and subscribed before me
this 3rd day of August 2023

Hon. James L. Cott
United States Magistrate Judge
Southern District of New York

Exhibit A: Indictment against NIKHIL GUPTA

ORIGINAL

JUDGE MARRERO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

NIKHIL GUPTA,
a/k/a "Nick,"

Defendant.

**SEALED INDICTMENT**

23 Cr.

23 CRIM 289

**COUNT ONE**
**(Murder-for-Hire Conspiracy)**

The Grand Jury charges:

1. From at least in or about May 2023 through at least in or about June 2023, in the Southern District of New York and elsewhere, NIKHIL GUPTA, a/k/a "Nick,", the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, to wit, GUPTA, in agreement with others, hired a person GUPTA believed to be a hitman to murder an intended victim, and used a cellular phone to, among other things, coordinate a $15,000 advance payment to the purported hitman's associate in New York, New York.

(Title 18, United States Code, Section 1958.)

CERTIFIED AS A TRUE COPY ON
THIS DATE 7/13/23
BY [signature]
( ) Clerk
(✓) Deputy

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/23

**COUNT TWO**
**(Murder-for-Hire)**

The Grand Jury further charges:

2. From at least in or about May 2023 through at least in or about June 2023, in the Southern District of New York and elsewhere, NIKHIL GUPTA, a/k/a "Nick," the defendant, traveled in and caused another person to travel in interstate and foreign commerce, and used and caused another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, to wit, GUPTA hired a person GUPTA believed to be a hitman to murder an intended victim, and used a cellular phone to, among other things, coordinate a $15,000 advance payment to the purported hitman's associate in New York, New York.

(Title 18, United States Code, Sections 1958 and 2.)

**FORFEITURE ALLEGATION**

3. As a result of committing the offenses alleged in Counts One and Two of this Indictment, NIKHIL GUPTA, a/k/a "Nick," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

**Substitute Assets Provision**

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

Exhibit B: Warrant for the Arrest of NIKHIL GUPTA

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 1 1 2023

United States of America
v.

Nikhil Gupta
a/k/a "Nick"

*Defendant*

Case No. 23 CRIM 289

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Nikhil Gupta, a/k/a "Nick",
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1958 (murder-for-hire and conspiracy to commit the same)

CERTIFIED AS A TRUE COPY ON
THIS DATE 7-13-23
BY [signature]
( ) Clerk
(✓) Deputy

Date: 06/13/2023

[signature] Ruby J. Krajick
*Issuing officer's signature*

City and state: New York, New York

Ruby J. Krajick, Clerk of Court
*Printed name and title*

### Return

This warrant was received on *(date)* ____________, and the person was arrested on *(date)* ____________
at *(city and state)* ____________.

Date: ____________

____________
*Arresting officer's signature*

____________
*Printed name and title*

Exhibit C: Relevant Statutes

**Section 2 of Title 18 of the United States Code.**
**Principals**

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**Section 1958(a) of Title 18 of the United States Code.**
**Murder-for-Hire, and Conspiracy to Commit the Same**

(a)Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

***

(b)As used in this section and section 1959—

(1)"anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage;

(2)"facility of interstate or foreign commerce" includes means of transportation and communication; and

(3)"State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

***

Exhibit D: Affidavit of Special Agent Mark Franks

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIKHIL GUPTA,<br>a/k/a "Nick" | Case Number: 23 Crim. 289 (VM) |

**AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION OF NIKHIL GUPTA**

I, Mark J. Franks, being duly sworn, depose and state:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"). As a DEA Special Agent, I am responsible for investigating violations of federal criminal law, including violations relating to drug trafficking offenses and violent offenses. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.

2. This affidavit is submitted in support of a request by the United States for extradition of NIKHIL GUPTA ("GUPTA"). In the course of my duties, I have become familiar with the evidence and the charges against GUPTA. During the course of the investigation, I have, among other things, reviewed law enforcement reports, lawful recordings; cellphone toll data, which provided information concerning the criminal conduct of GUPTA.

3. Below, I have set forth the evidence establishing each of the two counts against GUPTA in the indictment. I have not made an effort to describe all of the evidence in the

government's possession. In addition, when I reference statements made by GUPTA and others, I am summarizing those statements and not repeating the statements exactly or in their entirety.

## FACTS OF THE CASE

4. Beginning sometime in 2016, a confidential informant (the "Confidential Informant") developed a relationship with a person based in India and known to the Confidential Informant as "Nick." Based on a review of phone records and reports prepared by other law enforcement officials, law enforcement agents have identified "Nick" as GUPTA, the defendant, who is a citizen of India. Between approximately 2016 and May 2023, the Confidential Informant and GUPTA discussed the possibility of conducting multiple narcotics and firearms transactions, although no transactions have been successfully completed between GUPTA and the Confidential Informant.

5. In or about March 2023, the Confidential Informant and GUPTA began negotiating another potential firearms and narcotics deal. On or about May 30, 2023, in the course of negotiating that deal, GUPTA asked the Confidential Informant about the possibility of hiring someone to murder a lawyer living in New York (the "Intended Victim"). GUPTA explained that the Intended Victim has offices in New York and Los Angeles but spends most of his time in New York.

6. Around May 30, 2023, GUPTA told the Confidential Informant that he would be willing to pay "100 k" for the murder. The Confidential Informant told GUPTA that he would need to speak with his colleagues in Los Angeles and New York in order to begin collecting information on the Intended Victim before attempting to kill the Intended Victim.

7. Around June 4, 2023, the Confidential Informant and GUPTA discussed —using WhatsApp — an advance payment of approximately $25,000 to be transferred before the murder.

The Confidential Informant requested that the payment be made in New York. Around June 9, 2023, GUPTA contacted the Confidential Informant and provided the Confidential Informant with the phone number of the "Money Courier" who, according to GUPTA, would be delivering $15,000 (not $25,000) to a predetermined location in New York.

8. On June 9, 2023 at approximately 10:10 a.m. the Money Courier called an undercover law enforcement officer (the "Undercover Agent") that had been introduced as an associate of the Confidential Informant to coordinate delivery of the $15,000 payment. During that call, the Money Courier told the Undercover Agent that he had "15k to give to you," and agreed to meet with the Undercover Agent in Manhattan, New York in a few hours to deliver the $15,000 payment. At approximately, 2:30 p.m. on June 9, 2023, the Money Courier met with the Undercover Agent in Manhattan, New York and gave the Undercover Agent $15,000 in cash. During the meeting with the Undercover Agent and the Money Courier, GUPTA called the Undercover Agent and asked to speak to the Money Courier. GUPTA and the Money Courier discussed GUPTA repaying the $15,000 to the Money Courier in India, where GUPTA lives and where the Money Courier has family and a construction business. After the $15,000 payment, GUPTA remained in contact with the Undercover Agent: he instructed the Undercover Agent to continue surveilling the Intended Victim, including at the Intended Victim's home.

9. On multiple occasions GUPTA urged the Undercover Agent to commit the murder as soon as possible, and without concern for the safety of any bystanders who might be in the vicinity of the location of the murder. For example, based on my review of the recording of a conversation between GUPTA and the Undercover Agent, I know that on June 19, 2023, GUPTA told the Undercover Agent that there was "no need to wait," instructing him "when you get the

chance and opportunity, hit the target. . . no restrictions, no limitations. If any other person [is] with him, you can give him also the taste of the [gun]."

10. GUPTA also communicated a sense of urgency to the Confidential Informant. For example, based on my review of the recording of a conversation between GUPTA and the Confidential Informant, I know that on June 19, 2023, when the Confidential Informant told GUPTA he was concerned that the Intended Victim would be around innocent bystanders at the time of the murder, GUPTA told the Confidential Informant to kill everyone, to let them "go to the heaven." During the same conversation, GUPTA told the Confidential Informant that the murder of the Intended Victim was the first of "four job[s]" — that is, murders — to be completed and that the Confidential Informant needed to push [the hired killer] to "finish the job" within 11 days.

**IDENTIFICATION AND LOCATION**

11. The Confidential Informant and the Undercover Agent used a certain phone number (the "Phone Number") to communicate with the person who arranged for the $15,000 payment for the murder of the Intended Victim. A search of the Phone Number in law enforcement databases revealed that the Phone Number was associated with an Indian citizen named "Nikhil Gupta."

12. GUPTA is a male with brown eyes and dark brown hair. He was born on October 2, 1971. Two photographs of GUPTA are attached as Exhibit E to the affidavit of Special Agent Mark Franks. GUPTA is the holder of an Indian passport, issued on March 31, 2023, with passport number [redacted].

13. I have reviewed the two photographs of GUPTA, one photograph of GUPTA was taken by United States Customs and Border Protection on June 14, 2017, when GUPTA traveled to Los Angeles International Airport, and the second photograph was taken by United States

Customs and Border Protection on December 12, 2016, when GUPTA traveled to John F. Kennedy International Airport. I compared both photographs of GUPTA to recordings of video calls between the Confidential Informant and the Undercover Agent and the person who paid to have the Intended Victim murdered via the Phone Number, and determined that GUPTA's photographs match the person depicted in the video calls who paid to have the Intended Victim murdered.

**CONCLUSION**

14. This affidavit is sworn to before a Magistrate Judge of the United States District Court for the Southern District of New York, who is a person duly empowered to administer an oath for this purpose.

Mark Franks
Special Agent
Drug Enforcement Administration

I certify that this is the original affidavit, sworn to and subscribed to before me on this 3rd day of August 2023 in the Southern District of New York.

Hon. James L. Cott
United States Magistrate Judge
Southern District of New York

# Exhibit E

**PHYSICAL DESCRIPTION/IDENTIFYING DATA**

| | |
|---|---|
| Name: | NIKHIL GUPTA |
| Alias: | NICK |
| Citizenship: | INDIA |
| Date of Birth: | October 2, 1971 |
| Place of Birth: | India |
| Sex: | Male |
| Height: | 180.34 cm |
| Weight: | 77.11 kg |
| Hair: | Dark Brown / Black |
| Eyes: | Brown |
| Passport number: | [redacted] (India) (Issued: March 31, 2023) |

Photograph of Nikhil Gupta taken by U.S. Customs and Border Protection on June 14, 2017, at Los Angeles International Airport.



Photograph of Nikhil Gupta taken by U.S. Customs and Border Protection on December 12, 2016, at John F. Kennedy Airport.

